# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARY L. EID | : | |
| | : | |
| v. | : | Civil No. CCB-11-591 |
| | : | |
| BRUCE IACOBUCCI, et al. | : | |

## MEMORANDUM

On October 2, 2007, Mary Eid entered an *Alford* plea for felony theft of more than $500 in the Circuit Court for Baltimore County, and was sentenced to six years imprisonment. Ms. Eid, proceeding pro se, has now sued numerous individuals, including police officers who investigated her for felony theft, witnesses who testified for the government, and employees of the bank from which she was convicted of stealing, alleging conspiracy to violate her civil rights and false imprisonment. Now pending before the court are four separate motions to dismiss by the defendants. The issues in this case have been fully briefed and no oral argument is necessary. *See* Local Rule 105.6 (D. Md. 2011). The defendants' motions will be granted.

The core of the plaintiff's complaint is that her conviction in the Circuit Court for Baltimore County was procured by a conspiracy between the police, prosecutors, her public defender, witnesses for the government, and the First Federal Bucks County Savings and Loan Association.[1] Ms. Eid alleges that the state prosecutor, her public defender, bank representatives,

---

[1] Ms. Eid did not file an application for leave to appeal her conviction or a notice of appeal in state court. There also is no evidence that she challenged her conviction through state post-conviction proceedings. Ms. Eid has, however, filed two 28 U.S.C. § 2254 motions challenging her conviction and sentence in this federal district court. Judge Legg dismissed without prejudice her first § 2254 motion for failure to exhaust state court remedies. *See Eid v. Shell*, No. L-08-3161 (D. Md. Feb. 17, 2009). Judge Legg dismissed Ms. Eid's second § 2254 motion, again for failing to

1

witnesses for the government, and police investigators submitted false and fraudulent documents to the court that resulted in her unlawful conviction and confinement. (*See* Pl.'s Compl.) A plaintiff who seeks to file a civil rights claim for actions whose unlawfulness would render a conviction or sentence invalid must first prove that the conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 and nn. 6-8 (1994) (holding that a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence must be dismissed unless the conviction or sentence has been invalidated). Ms. Eid has failed to demonstrate that her conviction has been reversed, expunged, or invalidated. As the success of all her claims, including false arrest and imprisonment and malicious prosecution, depend on proving the invalidity of her conviction, the defendants' motions to dismiss must be granted.[2]

A separate Order follows.

July 22, 2011                          /s/
Date                                     Catherine C. Blake
                                          United States District Judge

---

demonstrate that she had exhausted state court remedies. *See Eid v. Shell*, No. L-09-779 (D. Md. May 6, 2009). On September 27, 2010, Ms. Eid also filed a suit against the public defender who represented her in her criminal case, alleging conspiracy to violate her civil rights and ineffective assistance of counsel. Judge Legg dismissed the suit sua sponte for failure to state a claim. *See Eid v. Bailey*, No. L-10-2674 (D. Md. Oct. 4, 2010).

[2] Most, if not all, of her claims would fail for several other reasons, including the statute of limitations, immunity, and the lack of a separate tort to support the claim of civil conspiracy.